O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BARRINGTON D. JEFFRIES, Sr., | ) | No. CV 14-3077 CAS (FFM) |
| Petitioner, | ) | ORDER SUMMARILY DISMISSING |
| | ) | PETITION FOR WRIT OF HABEAS |
| v. | ) | CORPUS FOR LACK OF SUBJECT |
| | ) | MATTER JURISDICTION; |
| M.D. BITER (Warden), | ) | |
| | ) | REFERRING THE PETITION TO |
| Respondent. | ) | THE U.S. COURT OF APPEALS |
| | ) | PURSUANT TO NINTH CIRCUIT |
| | | RULE 22-3(A); |
| | | |
| | | DENYING A CERTIFICATE OF |
| | | APPEALABILITY |

DISMISSAL OF HABEAS PETITION WITHOUT PREJUDICE

On or about April 9, 2014, petitioner Barrington D. Jeffries, Sr.

("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a

Person in State Custody ("Petition").[1]  Petitioner challenges a conviction and

_____

[1]  A *pro se* prisoner's relevant filings may be construed as filed on the date they
were submitted to prison authorities for mailing, under the prison "mailbox rule" of
*Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379 (1988).  In this case, Petitioner has
attached a proof of service to the Petition stating that the Petition was served in
April 2014.  The proof of service is dated April 9, 2014.

sentence imposed by the Los Angeles County Superior Court in Case No. LA024643 in 1997.[2]

The Court takes judicial notice of its files with respect to a prior habeas petition (the "Prior Petition") Petitioner constructively filed in this Court on or about December 15, 1998, Case No. CV 98-10281 WDK (CT).  The Court notes that the Prior Petition was directed to the same conviction and/or sentence sustained in Los Angeles County Superior Court Case No. LA024643.  On April 16, 1999, Judgment was entered in Case No. CV 98-10281 WDK (CT) denying the Prior Petition on the merits and dismissing the action with prejudice.

The Petition now pending is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("the Act") which became effective April 24, 1996.  Section 106 of the Act amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

"(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless --

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

---

[2]  The Petition states that it is attacking a 1992 conviction in Los Angeles County Superior  Court Case No. LA009577.  A review of the Petition, however, demonstrates that it is challenging the sentence sustained in the 1997 case that Petitioner contends improperly interpreted the terms of the plea agreement in the 1992 case.  The relief Petitioner seeks is a shortening of the sentence in the 1997 case.

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

Therefore, because the Petition now pending challenges the same conviction as Petitioner's prior habeas petition in Case No.CV 98-10281 WDK (CT), it constitutes a second and/or successive petition within the meaning of 28 U.S.C. § 2244(b).  To the extent Petitioner seeks to pursue the same claims he previously asserted, the Petition is barred by the provisions of 28 U.S.C. § 2244(b)(1).  To the extent Petitioner seeks to pursue claims not previously asserted, as appears to be the case, it was incumbent on him under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider the Petition, prior to his filing of it in this Court.  Petitioner's failure to secure such an order from the Ninth Circuit deprives the Court of subject matter jurisdiction.

## "REFERRAL" OF HABEAS CORPUS PETITION TO NINTH CIRCUIT

Ninth Circuit Rule 22-3(a) states, in pertinent part, that "[i]f a second or successive petition or motion, or an application for authorization to file such a petition or motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals."

/ / /

/ / /

1   Therefore, to the extent the Petition was "mistakenly submitted" to this

2   Court, the Petition must be referred to the court of appeals.  However, it is unclear

3   whether the district court may both "refer" the Petition to the Ninth Circuit and, at

4   the same time, dismiss the Petition.  After reviewing numerous district court cases

5   in this circuit, Judge Fairbank recently concluded that simultaneous referral and

6   dismissal is appropriate in circumstances such as those present here.  *See Cielto v.*

7   *Hedgpeth*, 2014 WL 1801110 (C.D. Cal. Apr. 23, 2014).  For the same reasons

8   expressed by Judge Fairbank, this Court concludes that simultaneous referral and

9   dismissal is appropriate.

10   DENIAL OF CERTIFICATE OF APPEALABILITY

11   Rule 11(a) of the Rules Governing § 2254 Actions provides:

12   (a) Certificate of Appealability.  The district court must issue or deny

13   a certificate of appealability when it enters a final order adverse to the

14   applicant.  Before entering the final order, the court may direct the

15   parties to submit arguments on whether a certificate should issue.  If

16   the court issues a certificate, the court must state the specific issue or

17   issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2).  If

18   the court denies a certificate, the parties may not appeal the denial but

19   may seek a certificate from the court of appeals under Federal Rule of

20   Appellate Procedure 22.  A motion to reconsider a denial does not

21   extend the time to appeal.

22   Here, given the Court's ruling on settled legal issues, the Court does not

23   require any arguments from the parties on whether a certificate of appealability

24   ("COA") should issue.

25   Under 28 U.S.C. § 2253(c)(2), a COA may issue "only if the applicant has

26   made a substantial showing of the denial of a constitutional right."  Here, the

27   Court dismissed the petition on the ground that it was a second or successive

28   petition.  Thus, the Court's determination of whether a COA should issue is

4

1  governed by the Supreme Court's decision in *Slack v. McDaniel*, 529 U.S. 473,

2  120 S.Ct. 1595, 146 L. Ed. 2d 542 (2000), where the Supreme Court held that,

3  "[w]hen the district court denies a habeas petition on procedural grounds without

4  reaching the prisoner's underlying constitutional claim, a COA should issue when

5  the prisoner shows, at least, that jurists of reason would find it debatable whether

6  the petition states a valid claim of the denial of a constitutional right and that

7  jurists of reason would find it debatable whether the district court was correct in

8  its procedural ruling."  529 U.S. at 484.  As the Supreme Court further explained:

9      Section 2253 mandates that both showings be made before the court of

10      appeals may entertain the appeal.  Each component of the § 2253(c)

11      showing is part of a threshold inquiry, and a court may find that it can

12      dispose of the application in a fair and prompt manner if it proceeds

13      first to resolve the issue whose answer is more apparent from the

14      record and arguments.

15  529 U.S. at 485.

16      Here, the Court finds that its ruling is not one in which "jurists of reason

17  would find it debatable whether the district court was correct in its procedural

18  ruling" that the Court has no jurisdiction over the Petition.

19

20  **<u>ORDER</u>**

21      Pursuant to Ninth Circuit Rule 22-3(a), the Court refers the habeas Petition

22  to the U.S. Court of Appeals for the Ninth Circuit for consideration as an

23  application for leave to file a second-or-successive habeas petition.  The Clerk of

24  Court shall send a copy of the habeas Petition and a copy of this Order to the

25  Clerk of the U.S. Court of Appeals for the Ninth Circuit.

26      The Clerk of Court shall provide petitioner with a form recommended by the

27  Ninth Circuit for filing an Application for Leave to File Second or Successive

28  Petition Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255.

1
2
3

This action is then dismissed without prejudice for lack of subject-matter jurisdiction pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

4          LET JUDGMENT BE ENTERED ACCORDINGLY.

5          A certificate of appealability is denied.

6

7   DATED:      June 12, 2014

8                                                    CHRISTINA A. SNYDER
                                                     United States District Judge
9

10

11  Presented by:

12   /S/ FREDERICK F. MUMM
13      FREDERICK F. MUMM
     United States Magistrate Judge
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                      6